IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGORY HOLLENBACK et al., <br><br> Plaintiffs, <br> v. <br><br> CHRIS BURBANK, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND <br><br> Case No. 2:12-cv-0608 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Brooke Wells |

Before the Court is Plaintiffs' Motion To Amend/Correct.[1] After careful consideration of the record, relevant law, and the parties' memoranda, the Court has determined that oral argument is unnecessary and decides the motion based upon the record before it.[2] As set forth below the Court GRANTS Plaintiffs' motion.

## BACKGROUND

"This is a civil action for an award of lost wages, damages, attorney fees and costs"[3] pursuant to alleged violations of the Civil Rights Act,[4] the Family and Medical Leave Act,[5] the Americans with Disabilities Act[6] and the Age Discrimination in Employment Act.[7] With the Second Amended Complaint Plaintiffs seek to add "causes of action for certain *Loudermill* claims and related due process violations cognizable under 42 U.S.C. § 1983 for causes of action

---

[1] Docket no. 54.

[2] DUCivR 7-1(f).

[3] Complaint p. 2.

[4] 42 U.S.C. 2000e, *et seq*.

[5] 29 U.S.C. § 2601, *et seq*.

[6] 42 U.S.C. § 1201, *et seq*.

[7] 29 U.S.C. § 621, *et seq*.

that materialized after the filing of the Amended Complaint."[8] In addition the Second Amended Complaint removes certain causes of action based upon the Court's Memorandum Decision on Defendants' Motion to Dismiss.[9] Finally the Second Amended Complaint adds causes of action relating to negligent and intentional infliction of emotional distress.[10]

The deadline for filing a motion to amend in this matter is February 28, 2014, the day on which Plaintiffs filed their motion. The case is also in the early stages of discovery.

DISCUSSION

Rule 15(a)(2) provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[11] As noted by the Supreme Court,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require be 'freely given.'[12]

Here, Plaintiffs' motion to amend is timely and the Court finds there is no undue delay, bad faith or dilatory motive. Defendants, however, oppose Plaintiffs motion arguing that it should be denied because "the proposed amendments would be futile for two reasons."[13] First, Defendants allege that the proposed amendments are "futile because the four new defendants the

---

[8] Mtn. p. 2-3.

[9] *See* Memorandum Decision granting in part and denying in part Motion to Dismiss, docket no. 34.

[10] Mtn. p. 3.

[11] Fed. R. Civ. P. 15(a)(2) (2011) (all references to the federal rules are to the 2011 revised edition).

[12] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[13] Op. p. 2, docket no. 55.

Plaintiffs seek to add are all immune from suit under the quasi-judicial immunity doctrine."[14] Second, Defendants argue the Court should deny Plaintiffs motion because "the added causes of action fail to state a claim upon which relief may be granted."[15] In response, Plaintiffs argue that their Second Amended Complaint is not futile and that the new Defendants are not entitled to quasi-judicial immunity. Plaintiffs further argue that their claims meet the requirements for notice pleading.

Admittedly, Defendants' arguments do appear to carry some weight and persuasive value. When considering the factors for quasi-judicial immunity, however, there are some questions about the applicability of the doctrine in this case.[16] And, although not perfect, Plaintiffs claims do provide enough notice to survive Defendants opposition at this juncture based upon the preference to afford a litigant an opportunity to test their claims on the merits.[17] Thus, based upon the preference for resolving cases on their merits and that a court should "freely give leave" to amend under Rule 15, the Court will allow Plaintiffs to amend their claims.[18]

ORDER

For the reasons set forth above the Court GRANTS Plaintiffs Motion To Amend/Correct..[19]

---

[14] *Id.*

[15] *Id.*

[16] *See Moore v. Gunnison Valley Hosp.*, 310 F.3d 1315, 1317 (10th Cir. 2002).

[17] *See Foman*, 371 U.S. at 182.

[18] *See e.g., Lee v. Max Intern., LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) ("Our justice system has a strong preference for resolving cases on their merits whenever possible, . . . ."); *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1187 (10th Cir. 2002) (noting the preference for determining a case on its merits).

[19] Docket no. 54.

DATED this 22 April 2014.

_____
Brooke C. Wells
United States Magistrate Judge