IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY HOLLENBACH; ROBERT KOHL; and JOHN CARDONA, as individuals,<br><br>                Plaintiffs,<br><br>v.<br><br>CHRIS BURBANK, in his individual and official capacities; RICHARD FINDLAY, in his individual and official capacities; TIM DOUBT, in his individual and official capacities; MORGAN SAYES, in his individual and official capacities; TOM GALLEGOS, in his individual and official capacities; MELODY GRAY, in her individual and official capacities; RALPH BECKER, in his individual and official capacities; SALT LAKE CITY, through its Police Department; and DOES I–X, unknown persons in interest,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANTS' OBJECTION<br><br>Case No. 2:12-CV-608 TS |

       This matter is before the Court on Defendants Salt Lake City, Chris Burbank, Tim Doubt, Morgan Sayes, Melody Gray, and Ralph Becker's Rule 72 Objection to Memorandum Decision and Order Granting Plaintiffs' Motion to Amend.[1] For the reasons discussed more fully below, the Court will overrule Defendants' Objection.

---

[1] Docket No. 64.

1

I. BACKGROUND

Plaintiffs are current or former police officers for the Salt Lake City Police Department. Plaintiffs are members of the Fraternal Order of Police. The individual defendants all hold a supervisory position within the Salt Lake City Police Department or the Salt Lake City Police Association. Plaintiffs seek an award of lost wages, damages, and attorney fees based on alleged violations of their statutory and constitutional rights.

On February 28, 2014, Plaintiffs sought leave to file a second amended complaint. Plaintiffs sought leave to amend their complaint to add three members of Salt Lake City's Civil Service Commission ("CSC") and the secretary for the CSC as Defendants. Plaintiffs' proposed Second Amended Complaint also removed certain causes of action based on this Court's Memorandum Decision on Defendants' Motion to Dismiss and sought to add causes of action relating to negligent and intentional infliction of emotional distress.

In a Memorandum Decision and Order Granting Plaintiffs' Motion to Amend (the "Memorandum Decision") issued April 22, 2014, Magistrate Judge Brooke Wells granted Plaintiffs leave to amend. Defendants object to the Magistrate Judge's Memorandum Decision and take exception to the filing of Plaintiffs' Second Amended Complaint because it differs from that considered by the Magistrate Judge. Plaintiffs concede that they improperly filed a different version of their Second Amended Complaint than that reviewed by the Magistrate Judge and indicate that, if authorized, they will file the proper Second Amended Complaint.[2]

---

[2] *See* Docket No. 71, at 2 n.2 ("The operative version of the Second Amended Complaint is that treated by Defendants and filed as Exhibit A to Plaintiff's [sic] Rule 15 Motion to File Second Amended Complaint, dated February 28, 2014 ([Docket] No[.] 54). Following resolution of Defendants' Objection, Plaintiffs will, as appropriate, re-file and serve the proper version of the Second Amended Complaint.").

## II. DISCUSSION

At the outset, the Court would note that Defendants focus their Objection on the proper application of the factors outlined in *Moore v. Gunnison Valley Hospital*.[3] However, Defendants did not discuss, analyze, or even cite *Moore* in the pleadings filed before the Magistrate Judge. Thus, although Defendants discussed futility and quasi-judicial immunity, their opposition filed before the Magistrate Judge did not contain the majority of the arguments raised in their Objection. This Court will not consider arguments raised for the first time in Defendants' Objection to the Magistrate Judge's Memorandum Decision.[4]

Federal law categorizes magistrate judge decisions into two categories: nondispositive and dispositive.[5] When a magistrate judge's decision concerns a nondispositive matter, the district judge is to "set aside any part of the order that is clearly erroneous or is contrary to law."[6] When a magistrate judge's decision concerns a dispositive matter, the magistrate judge is only to recommend a disposition and, upon timely objection by one of the parties, the district court judge is to review the magistrate judge's recommendation de novo.[7]

A "motion for leave to amend [is] a nondispositive pretrial matter that the magistrate judge [is] authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)."[8] This includes motions

---

[3] 310 F.3d 1318 (10th Cir. 2002).

[4] *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived").

[5] *See* Fed. R. Civ. P. 72.

[6] *Id.* 72(a).

[7] *Id.* 72(b).

[8] *Franke v. ARUP Labs., Inc.*, 390 F. App'x 822, 828 (10th Cir. 2010) (unpublished).

for leave to amend that involve the addition of new parties.[9]  While Defendants cite a number of cases that applied a de novo standard of review for a motion to amend challenged on futility grounds, the majority of courts that have addressed this issue have held that such motions are nondispositive and applied the clearly erroneous analysis.[10]  Under that standard, the Court must affirm the Magistrate Judge's ruling unless the Court is left with a "definite and firm conviction that a mistake has been committed."[11]

Here, Defendants object to the Magistrate Judge's Memorandum Decision on the grounds that the Magistrate Judge failed to properly consider the application of quasi-judicial immunity to the CSC Defendants.  More particularly, Defendants argue that the Magistrate Judge failed to properly make a determination as to each of the factors outlined in *Moore*.

Contrary to Defendants' assertion, the record in this case demonstrates that the Magistrate Judge considered *Moore* and found that "there are some questions about the applicability of the [quasi-judicial immunity] doctrine in this case."[12]  After reviewing the Magistrate Judge's Memorandum Decision and the case law cited therein, the Court is not left with the definite and firm conviction that a mistake has been committed.  For this reason, the Court will overrule Defendants' Objection.

---

[9] *See Hall v. Norfold S. Ry. Co.*, 469 F.3d 590 (7th Cir. 2006) (holding that a magistrate judge's denial of a motion to add a party was a nondispositive motion, subject only to review for clear error).

[10] *See Franke*, 390 F. App'x at 828; *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Hall*, 469 F.3d at 594–95; *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993).

[11] *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[12] Docket No. 62, at 3 (citing *Moore*, 310 F.3d at 1319).

## III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Rule 72 Objection to Memorandum Decision and Order Granting Plaintiffs' Motion to Amend (Docket No. 64) is OVERRULED.  Plaintiffs are instructed to re-file and serve the version of their Second Amended Complaint reviewed by the Magistrate Judge within seven (7) days of this Order.

DATED this 24th day of June, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge